CORMANY ET AL. *v.* THE CITY OF CINCINNATI ET AL.
WEIMER ET AL. *v.* THE CITY OF CINCINNATI ET AL.
YOUNG ET AL. *v.* THE CITY OF CINCINNATI ET AL.

*Special assessments — Injunction lies, when — Excess cost over special benefits.*

Since exact equality of taxation is not always attainable, a court of equity will not restrain the enforcement of a special assessment unless the excess cost of the improvement *substantially* and *materially* exceeds the special benefits conferred.

(Decided March 24, 1919.)

APPEAL:    Court of Appeals for Hamilton county.

*Mr. E. F. Alexander* and *Mr. Walter C. Muhlhauser,* for plaintiffs.

*Mr. Saul Zielonka,* city solicitor, and *Mr. Frank K. Bowman,* assistant city solicitor, for defendants.

HAMILTON, J.    These actions were brought by plaintiffs, seeking to enjoin the collection of special assessments for street improvements on Spring Grove avenue, McLean avenue and Division street. The claim is made by plaintiffs that the improvements were of no special benefit to plaintiffs' abutting property, and that the assessments were greatly in excess of any special benefits conferred.

The improvements consisted of repaving the streets with granite blocks, together with the necessary curbs, gutters and drains. Twenty-five per cent. of the whole cost of the improvement, less the cost of intersections, was assessed against the abutting property on Spring Grove avenue and McLean avenue; and thirty-three and one-third per cent. of the whole cost, less the cost of inter-

sections, was assessed against the abutting property on Division street.

It will be noted that the three streets were improved under separate proceedings of the city council, and separate suits were brought to enjoin the collection of the assessments, which suits were heard together in this court. The question presented is one of fact, as to whether or not the ,assessments *substantially exceed* the benefits conferred. We say *substantially exceed* for the reason that exact equality of taxation is not always attainable and for that reason the excess of the cost over specific benefits, unless it. be of a *material character,* ought not to be regarded by a court of equity when its aid is invoked to restrain the enforcement of special assessments. *Walsh* v. *Barron, Treas.,* 61 Ohio St., 15, and *Norwood* v. *Baker,* 172 U. S., 269.

The undisputed evidence is that the streets improved were wide, busy thoroughfares, with heavy traffic, and the abutting properties were in the main substantial dwellings and business properties; that Spring Grove and McLean avenues prior to the improvements were paved with brick, which brick paving had been in use somewhat in excess of fifteen years; and that Division street prior to the improvement was paved with boulders, which had been in use for about twenty years.

Plaintiffs' evidence was to the effect that the streets were in good or fair condition prior to the improvements and that the improvements were unnecessary. The evidence of the city tended to show the streets to have been badly worn, full of pot-holes, and requiring constant repairs; entailing

large expenditures of money without material, beneficial results. Council, however, determined the improvements to be necessary, and the evidence fails to clearly show an abuse of discretion on the part of council in ordering the improvements. We must, therefore, conclude that the improvements were necessary and consider the case from that viewpoint. *McMaken* v. *Hayes et al.,* 10 C. C., N. S., 38, affirmed in 78 Ohio St., 412.

Plaintiffs' witnesses testified that without exception no benefit whatever accrued to any of the abutting property from the improvements, and in some instances that damage resulted.

The evidence of the city, given in the main by expert real estate brokers and dealers, was that the property was specially benefited by the improvements to the amount of five dollars per front foot, on the basis of lots 100 feet in depth. This amount named was considerably in excess of the assessment.

It is difficult indeed for the court to reconcile the evidence in the case. It would be contrary to all human experience to conclude that such an improvement would have no beneficial result whatever to abutting property. Such improvements always tend to specially benefit property in the immediate vicinity of the improvement and are bound to enhance the value of the abutting property as a whole. On the other hand, it would seem that the amount of special benefit fixed by witnesses for the city, to-wit, the sum of five dollars per front foot, is necessarily an arbitrary amount on which to base calculation of benefits. Under this state of the evidence, we are unable to

find the assessments to be *substantially in excess* of the benefits conferred. While the evidence may justify the view that the assessments somewhat exceed the special benefits conferred, it is not clear that they are sufficiently in excess of the special benefits as to warrant interference by the court under the rule of law applicable to the case. The following cases are in point:

"When the power to tax in any particular case is challenged, the citizen has the right to be heard in court as to the legality of the tax, but when the power to tax is conceded, and the complaint is only as to the valuation, a valuation made in good faith and according to the best judgment of the taxing officer, will not be disturbed by the courts in the absence of *gross mistake.*" *Hagerty, Auditor, et al.* v. *Huddleston, Hubbard & Co.,* 60 Ohio St., 149, at page 166.

"Where an assessment, according to benefits for a street improvement, has been in all respects duly and regularly made and all the proceedings are complete, and no complaint is made by property owners until an action is commenced to enjoin the collection of such assessment on the ground that it exceeds the benefits, the court will not grant such relief, unless the action of the council or other municipal authorities has been fraudulent or tantamount to fraud or the assessment is so excessive as to clearly and unquestionably exceed the special benefits to said property.

"In such cases the court does not sit as a court of appeal to review the action of the municipal authorities and make a new assessment, upon the evidence, according to its judgment." *Price et al.*

v. *City of Toledo et al.,* 4 C. C., N. S., syll. 2 and 3, page 57.

"There is no jurisdiction in a court of equity to reduce a sewer assessment which is not *grossly excessive."* *King* v. *City of Dayton,* 10 C. C., N. S., 522.

See also *Prentice et al.* v. *City of Toledo,* 11 C. C., N. S., 299, where the court say in the second paragraph of the syllabus:

"The potential as well as the present use of property is to be taken into account in making assessments for public improvements."

It not being clearly shown by the evidence that the special assessments *substantially exceed* the special benefits conferred, the injunction will be denied.

*Injunction denied.*

SHOHL, P. J., and CUSHING, J., concur.